BEACH, Appellant, v. ELLIS SCHOOL DISTRICT NO. 87 OF MINNEHAHA COUNTY, Respondent

(298 N. W. 727.)

(File No. 8453. Opinion filed June 20, 1941.)
Rehearing Denied August 15, 1941.

**Chris Mortenson, Jerry Maher,** and **T. R. Johnson,** all of Sioux Falls, for Appellant.

**Theodore N. Feyder** and **Nils A. Boe,** both of Sioux Falls, for Respondent.

RUDOLPH, J. This controversy involves the employment of a school teacher to teach the school of a common school district. It appears without dispute that two members of the school board of the defendant school district signed a contract of employment with the plaintiff to teach the district school for the year 1939. Thereafter one of the members of the board who signed this contract was replaced and the board as newly constituted employed a teacher other than the plaintiff to teach the district school for the period covered by plaintiff's contract. This action was brought to recover damages for breach of contract. The trial court held that the plaintiff had no valid contract for her employment as a teacher and entered judgment dismissing her complaint. For the purposes of this opinion we may concede that the action of the two members of the district school board, who signed the contract of employment with the plaintiff, was not the action of the board, as such, taken at a regular or regularly called special meeting. The plaintiff has appealed from the judgment entered by the trial court.

In 1893 there was enacted a set of laws governing education in this state, Chapter 78, Laws of 1893. Section 1 of Chapter 5 of that enactment provided, among powers and duties of the district school board, as follows: "They shall employ the teachers for the school or schools of the district; and may dismiss any teacher at any time for plain violation of contract, gross immorality or flagrant neglect of duty. Provided, That every contract for the employment of a teacher must be in writing." Section 1 of Chapter 6 of that act provides, as follows: "Teachers shall be employed only upon the exhibition of a teacher's certificate valid in the county where employed, and then only upon a written contract, signed by the teacher and at least two (2) members of the district school board * * * and said contract shall be signed in duplicate and one (1) copy filed in the office of the clerk, and the other retained by the teacher." Section 2 of Chapter 8 of that law is, as follows: "No contract binding on the school district shall be made in any case except by the school board or board of education, acting as such, at a regular or regularly called special meeting."

In 1897 this code of laws relating to education received extensive amendments, Chapter 57, Laws of 1897. However, so far as here material Section 1 of Chapter 5 and Section 1 of Chapter 6 remained the same as they appeared in the Laws of 1893. Section 2 of Chapter 8, however, was amended, and it is the meaning of this law as amended in 1897 which is now before us. Section 2 of Chapter 8 was amended, as follows: "No contract binding on the school district shall be made in any case except by the school board or board of education, acting as such, at a regular or regularly called special meeting, **excepting contracts made for the employment of teachers.**" The amendment as made in 1897 is, of course, the underscored lines of the above section as quoted.

In 1900 the attorney general of this state was asked to construe this Section 2 of Chapter 8, as amended, and in the opinions of the attorney general for the year 1900 on Page 139 thereof, is found the following opinion dated September 16, 1899, and addressed to Hon. E. E. Collins, Superintendent of Public Instruction, Pierre, S. D.:

"The other question propounded by the Superintendent is a case where it is stated that a school board decided to hire a man; later the clerk and chairman hired a lady teacher without the knowledge of the treasurer, asking whether the other two members had a right to hire the lady teacher.

"Section 1 of Chapter 6 of the School Law provides, 'That a teacher's contract shall be signed by at least two members of the district school board.'

"Section 2 of Chapter 8 provides, 'That no contract binding on the school district shall be made in any case except by the school board or board of education, acting as such, at a regular or regularly called special meeting, excepting contracts made for the employment of teachers.'

"It will thus be seen that the employment of a teacher is not necessarily done at a regular meeting of the school board, and it would seem that a contract made with the teacher, signed by the teacher and two members of the board, would be a valid and binding contract."

These various sections of the law as existing in 1897 were carried through the revision of our code in 1903, through the revision of the school laws in 1907, and into the code of 1919, wherein the above quoted portion of Section 1 of Chapter 5 of the Laws of 1893 appears as Section 7488, R. C. 1919. Section 1 of Chapter 6 of the Laws of 1893 appears as Section 7508, R. C. 1919, and Section 2 of Chapter 8 of the Laws of 1893, as amended by the Laws of 1897, appears as Section 7518, R. C. 1919.

In 1931 a new and revised code of laws relating to education was passed by the legislature of this state, Chapter 138, Laws of 1931. In Section 71 of this law relating to the powers of school boards, no reference is made to the employment of teachers. The provisions of this law, insofar as they relate to the employment of teachers, are found in Sections 74 and 224. Section 224 is a revised form of Section 1 of Chapter 6 of the Laws of 1893, and is as follows: "A teacher shall be employed only upon exhibition of a certificate valid to teach the subjects and grades in the school contemplated under the contract, and then only upon written con-

tract signed by the teacher and, in Common School Districts, by at least two members of the Board; in other districts by the presiding officer of the Board and Clerk." Section 2 of Chapter 8 of the Laws of 1893, as amended by the Laws of 1897, was carried into Chapter 138, Laws of 1931, as Section 74 and appears in words precisely as it appears in the Laws of 1897. So far as here material, the above provisions of the Laws of 1931 were carried into the 1939 Revised Code without change and appear as SDC 15.2025 and 15.3081. It would therefor appear that there is no specific requirement in our law as it now exists that the employment of a teacher be by the school board, as such.

In 1932 the attorney general of this state was called upon to construe the then Section 74 of Chapter 138, Laws of 1931, and on May 31, 1932, without referring to the prior opinion, the attorney general rendered an opinion which appears in the report of the attorney general, 1930-1932 at Page 354, wherein it is held that, regardless of the exception to Section 74, Chapter 138, Laws of 1931, "a teacher must be employed by the board * * * acting as a single body."

We think it clear that, when the exception was made to Section 2 of Chapter 8 by the legislature of 1897, it was the plain intent to make provision for the employment of a teacher in common school districts without the formal action of the board, as such. It is true that the portion of Section 1 of Chapter 5 of the Laws of 1893, which places the power to employ teachers in the school board, was not expressly repealed, but obviously the exception made in 1897 was to have some effect, and should it be held, after this amendment, that it was still necessary for the board to act as such in the employment of a teacher, we are of the opinion that it would render the amendment meaningless and without any effect whatsoever. We reach this conclusion for the reason that by the provisions of Section 1 of Chapter 6 of that old law, the only manner in which a school teacher could be employed was by a written contract signed by the teacher and at least two members of the district board. This contract therefore constituted the em-

ployment. There could be no employment without the written contract. It is the making of this contract for the employment of a teacher, which is in itself the employment, that the exception written into the law in 1897 excepts from the action of the school district board, acting as such. We are of the opinion, therefore, that the opinion of the attorney general written in 1899 correctly construed the law as it then existed, and the only remaining question is whether this identical statute, which still appears among our laws, should be given a different construction in the light of the general laws upon the subject as they now exist.

Under the provisions of SDC 15.3801, the principle established back in 1893 still exists, that is, the employment of a teacher still consists in the making of a written contract which in common school districts must be signed by the teacher and two members of the board. The rule still persists that there can be no employment of a school teacher without a written contract. The contract still constitutes the employment of the teacher, and the exception which now appears in SDC 15.2025 still excepts from the action of the board, as such, "contracts for the employment of teachers." In this connection we think it material to note that in 1931 when the school laws underwent a general revision, the statute theretofore existing, which listed among the powers of the school board the power to employ the teacher, and which statute was apparently in conflict with the exception as written into the law in 1897, was dropped from our laws, and the apparent conflict was consequently obviated. We can construe this action of the 1931 legislature in dropping this apparently conflicting provision as nothing other than an attempt to make it clear that the exception, which was carried over into Section 74 of the revision of 1931, should be given full effect, and that its meaning should be clear at least so far as it related to the employment of teachers in common school districts. We should here note that in the 1931 enactment, Section 74 was made applicable to all school district boards, when before it had applied only to the boards of common school districts, and the respondent con-

tends that, giving this exception its full effect, and extending it to boards other than those of common school districts, would now necessitate a holding under the provisions of SDC 15.3801 that in districts other than common school districts a teacher may be employed simply by the action of the presiding officer and clerk of the board signing a contract with the teacher, and without any action of the board, as such. We are not inclined at this time to go into the requirements of employing a teacher in districts other than common school districts. If there is any confusion in our law regarding the employment of teachers in other than common school districts, which there might be by making this provision which related only to common school districts prior to 1931 applicable to all school districts, certainly such confusion should have the attention of the next legislature. In any event, it is not a problem for the court at this time. We are thoroughly satisfied that in 1931 when this Section 74 was made applicable to all school districts, there was no intention thereby to change the law as it then existed with relation to the employment of teachers in common school districts. Whether such action changed the law with relation to the employment of teachers in other districts, we express no opinion.

■ Respondent further contends that a contract for the employment of a teacher is a contract involving the expenditure of money, and that therefore it must, under the provisions of SDC 15.2024 and 15.2025, when read together, be made by the district board, as such, but we think it clear that the exception to SDC 15.2025 as clearly constitutes an exception to the section when read together with SDC 15.2024, as it does to the section when standing alone. We are further of the opinion that there is nothing in the law which prevents the school board of a common school district from making a contract for the employment of a teacher when it is acting as a board. The exception simply provides that it is not necessary for the board to act as such in contracts for the employment of teachers. This being true, we are of the opinion that SDC 15.3810, which refers

to the failure or neglect of a school board of a common school district to employ a teacher, can have no real significance in the construction of SDC 15.2025 and the exception thereto. We think that this reference to the failure to hire a teacher must be read in the light of the exception attached to SDC 15.2025.

We have been unable to find in the statutes of other states which are similar to SDC 15.2025, the exception attached to this statute of ours. Decisions from other states having statutes similar to ours, but without the exception, are not helpful.

It follows that we are of the opinion that the plaintiff had a valid contract for her employment as a teacher to teach in the Ellis School District No. 87 for the year 1939, and the judgment of the trial court must be reversed.

POLLEY, P. J., and ROBERTS and WARREN, JJ., concur.

SMITH, J., not sitting.